**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTHUR M. DULA, AS TRUSTEE OF THE ROBERT A. AND VIRGINIA HEINLEIN PRIZE TRUST DATED 1991,<br><br>**Plaintiff,**<br><br>v.<br><br>RANDALL D. KOLLER a/k/a JACKSON KOLLER,<br><br>**Defendant.** | CIVIL ACTION NO. 13-CV-2971 (SAS)<br><br>DEFAULT JUDGMENT ORDER<br><br>ECF CASE |

This action having been commenced on May 2, 2013 by the filing of the Summons and Complaint by plaintiff Arthur M. Dula, as Trustee of the Robert A. and Virginia Heinlein Prize Trust dated 1991 (the "Plaintiff"), and a copy of the Summons and Complaint having been served on defendant Randall D. Koller ("Defendant") by service on May 9, 2013, and proof of service having been filed on May 29, 2013, and the filing of an Amended Complaint on June 4, 2013, and a copy of the Amended Complaint having been served on Defendant on June 4, 2013 by first class mail, and proof of service of the Amended Complaint having been filed on June 6, 2013, and Defendant having not filed an answer to the Complaint or Amended Complaint, and the time for answering or otherwise moving with respect to the Complaint and the Amended Complaint having expired, and the Clerk of the Court having entered a Certificate of Default on July 9, 2013, it is

**ORDERED, ADJUDGED AND DECREED**:  That the Plaintiff have judgment against Defendant and it is declared as follows:[1]

A.  The Robert A. and Virginia Heinlein Prize Trust dated 1991 (the "Trust") is the owner of all right, title and interest in and to the copyright registrations to 64 literary works of the author Robert A. Heinlein, listed in Exhibit A hereto (the "Heinlein Works"), and such copyrights are valid and subsisting.

B.  Defendant has infringed the Heinlein Works and is liable to Plaintiff for copyright infringement under federal law, 17 U.S.C. § 101 *et seq.* Specifically, Defendant operates a website at www.gpnp.net (the "Offending Website") that contains family photographs and an idiosyncratic collection of personal and public domain writings including humor, poetry, essays, and religious statements.  As of April 2013, one of the many sections on the Offending Website featured the Heinlein Works, and another featured a store selling decorative plates.  The home page of the Offending Website contained no mention of either Heinlein or the sale of plates.  Shortly after Plaintiff served process on Defendant on May 9, 2013, Defendant took down the portions of the Offending Website featuring the Heinlein Works.  The store has also been taken down.[2]

---

[1]  The facts in this Order are drawn from Plaintiff's submissions, and in particular the Declaration of Arthur M. Dula in Support of Default Judgment dated August 9, 2013 ("Dula Declaration").

[2]  *See* Randy's Web Home, http://www.gpnp.net (accessed Aug. 28, 2013). The Dula Declaration is silent as to when the Heinlein Works were posted to the Offending Website, how many visitors the website received, and how often visitors accessed the pages containing the Heinlein Works.  I also note that the

C.      Defendant, and all persons in active concert or participation with him, are permanently enjoined from directly or indirectly infringing the Trust's copyright registrations in any manner, including manufacturing, selling, displaying, distributing, promoting and/or advertising any works substantially similar to any of the Heinlein Works.

D.      Under 17 U.S.C. §504, Defendant is liable for damages. Plaintiff concedes that it is impossible to ascertain the extent of lost sales resulting from Defendant's publication of the Heinlein Works on the Offending Website. Plaintiff also provides no factual basis for Plaintiff's theory that Defendant benefited financially from displaying the Heinlein Works, or "that [Defendant] entices visitors to the Offending Website utilizing [the Heinlein Works], and then advertises and sells collections of decorated plates to said visitors." Nevertheless, under 17 U.S.C. §504(c)(1), Plaintiff is entitled to statutory damages in the amount of $48,000, which is the product of the minimum statutory damage amount of $750.00 multiplied by the 64 Heinlein Works infringed.

E.      Under 17 U.S.C. §505, this Court in its discretion may award attorneys' fees and costs to the prevailing party in a civil action for copyright infringement. Plaintiff seeks $29,527.50 in attorneys' fees and $865.69 in costs. I decline to award either. *First*, $48,000 is more than sufficient compensation for

---

"About this site . . ." page, which states that it has not been updated since June 23, 2010, includes the following: "Disclaimers! I have attempted in good faith to present items either of original content or believed to be in the public domain. . .if I err, please advise me so I may remove that item post haste!" *Id.*, http://www.gpnp.net/aasupportpages/about_this_site.htm.

3

Plaintiff's damages, especially given the absence of any information as to actual damages suffered. *Second*, I am not persuaded that damages on this scale are necessary to deter the type of infringement at issue here. *Third*, a $48,000 judgment is already a very severe punishment in the absence of any evidence that Defendant profited from his infringement or acted with malicious intent.

F. For the foregoing reasons, judgment is awarded on behalf of Plaintiff and against Defendant for $48,000.00.

_____
Shira A. Scheindlin, U.S.D.J.

Dated: New York, New York
August 29, 2013